**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MENELIK ZEWDU,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.    18-70309

Agency No. A077-763-078

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020[**]
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***] District
Judge.

    Menelik Zewdu, a native and citizen of Ethiopia, petitions for review of the

Board of Immigration Appeals ("BIA") order denying his motion to reopen

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

removal proceedings based on materially changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion in concluding that Zewdu failed to demonstrate materially changed country conditions in Ethiopia to qualify for the exception to the time limit for filing motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Zewdu presented evidence of escalated violence in Ethiopia against Oromo and Amhara individuals and evidence that he had participated in political demonstrations in the United States. However, the BIA's conclusion that the new evidence did not demonstrate prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture ("CAT") was not "illogical, implausible, or without support in inferences that may be drawn from the record."[1] *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

---

[1] On appeal, Zewdu argues that the BIA "ignored and failed to analyze the documentary evidence he submitted in support of his [CAT] claim." We disagree. The BIA properly considered the arguments and evidence submitted in support of Zewdu's CAT claim.

First, the BIA did not improperly discount the affidavits submitted in support of Zewdu's motion to reopen with regard to (1) Zewdu's political activity, (2) the conditions in Ethiopia, or (3) the extent to which Oromo and Amhara individuals are targeted. *See Avagyan v. Holder*, 646 F.3d 672, 678-79 (9th Cir. 2011). To the contrary, the BIA accepted the evidence submitted as true, but concluded that the evidence was insufficient to establish that the Ethiopian government would target him. Second, Zewdu failed to produce evidence of an individual risk or harm.[2] Notably, Zewdu did not present any new evidence of threats to him or his family. Finally, the worsening conditions did not materially affect Zewdu's claim for asylum based on his political opinion and ethnicity. Despite worsened human rights conditions in Ethiopia, Zewdu failed to produce sufficient evidence to show that his circumstances have materially changed since his previous proceeding.

---

[2] Zewdu argues that the BIA should have considered his claim as one of a pattern and practice of persecution, thereby lessening the threat of individual persecution he needs to establish. However, the BIA properly rejected any claim that Zewdu was a member of a disfavored group or that there was a pattern or practice of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009). Even though the record shows the Ethiopian government targets politically active Oromo and Amhara citizens, this evidence is insufficient to establish a pattern and practice of persecution. *See id.* at 1060-62 (holding that widespread discrimination was insufficient to show pattern and practice of persecution even where there were some incidents of persecution).

3

**PETITION FOR REVIEW DENIED.**